UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

　　　　v.                                                                      CR NO. 06-402M(JMF)

**CARLOS GREENE,**

　　**Defendant.**

**DETENTION MEMORANDUM**

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**FINDINGS OF FACT**

1.　　On September 18, 2006, officers from the United States Capitol Police saw the defendant driving a car that almost hit a pedestrian who was crossing a street near the Capitol. When the car backed up, it almost hit the pedestrian again. The car sped off and soon sideswiped a Capitol Police car. It then entered a construction site on the Capitol grounds and ultimately slammed into a stone wall, near a fountain. The defendant fled from the car and, with the police in pursuit, entered the Capitol.

2.　　The defendant ran to the third floor and finally encountered three persons working

there. He said he needed a place to hide. Finally, one of those three persons succeeded in pushing the defendant into the hands of the pursuing police.

3. The defendant was combatative and, when one of the police officers pointed a shotgun at him, the defendant lunged towards it.

4. The defendant was finally subdued and the police found a loaded gun with one spent shot and crack cocaine on his person.

## REASONS FOR DETENTION

### Eligibility

The defendant is charged with possession of a firearm by a felon. 18 U.S.C. § 922(g)(1).[1] The government seeks the defendant's pre-trial detention pursuant to 18 U.S.C. § 3142(f)(1)(E),[2] which authorizes the pre-trial detention of a defendant who, like this defendant, is charged with a felony, not otherwise a crime of violence, that "involves the possession or use of a firearm."

### Pertinent Factors

In determining whether there are conditions of release which will reasonably assure the appearance of the defendant in court as required and the safety of the community the court is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

---

[1] All references to the United States Code are to the electronic version that appears in Westlaw and Lexis.

[2] This recent amendment to the Bail Reform Act overturns the decision in <u>Singleton v. United States</u>, 182 F.3d 7, 12 (D.C. Cir. 1999).

       a.       His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

       a.       Past conduct, history relating to drug or alcohol abuse;

       b.       Criminal history;

       c.       Record concerning appearance at court proceedings;

       d.       Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law.

18 U.S.C. § 3142.

## Analysis

An analysis of these factors compels the conclusion that the defendant should be detained.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** While the offense charged in not a crime of violence, Congress has now made possession of a firearm by a felon a detainable offense.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** The only information available pertaining to this factor is that the defendant was born in the District of Columbia. He was unresponsive when the Pre-Trial Services Agency tried to interview him.

**The weight of the evidence**. The weight of the evidence is, of course, overwhelming; the gun and drugs were in the defendant's personal possession.

**History relating to drug or alcohol abuse**. While there are no recent drug tests, I note that the defendant possessed cocaine.

**Record concerning appearance at court proceedings and prior criminal record** and

**whether on probation or parole at the time of the present offense.** The defendant's criminal record began in 2003 in Maryland, when he was placed on probation for disorderly conduct. That term of probation should have expired on June 15, 2005, but did not due to the defendant's failure to appear at two hearings that were held. Non-extraditable warrants were issued.

On October 14, 2004, the defendant was arrested in the District of Columbia on new charges of fleeing from a law enforcement agent, and on August 12, 2005, he was sentenced to a term of supervised release. The Parole Commission has now issued a warrant, based on his failure to comply with the conditions of his release, and that warrant has now been lodged as a detainer.

In 2006, the defendant accumulated a remarkable series of charges. In March, he received citations for driving an uninsured vehicle and then for driving on a suspended license. In April, he received a citation for fleeing from the police on foot when they apparently stopped his car. In June, he was cited for driving while intoxicated and related charges and was arrested for carrying a pistol without a license. On the latter charge, he was released but failed to report for a drug evaluation. Additionally, he was in jail from June 10, 2006, to July 21, 2006, for violating his probation in the 2004 D.C. charge of fleeing from a law enforcement officer.

Thus, every violation that the defendant has committed since 2005 was committed while on probation in one case in Maryland and on supervised release in another case in the District of Columbia. In 2006 alone he has incurred *seven* separate sets[3] of violations (including the crimes charged in this case) and, as to the charge of carrying a pistol without a license case, he failed to appear for his drug test. In that same year, he has already served time for violating his probation.

This shocking and contumacious behavior indicates that this defendant simply will not

---

[3] Defendant was charged with several traffic offenses each time he was stopped.

obey any judicially imposed conditions upon his release whether before or after the disposition of the charges.  A major focus of the Bail Reform Act was to make explicit the consideration of dangerousness in order to deal with those defendants who committed new offenses while on probation.  S. Rep. No. 98-225, 98th Cong. 1st Session, (1983) reprinted as Appendix II to J. Weinberg, Federal Bail and Detention Handbook (1996), *passim.*  Clearly, the contempt the defendant showed for the conditions of his release renders it highly unlikely that he would comply with the conditions to be imposed if he were released in this matter, including the central condition that he commit no new offense.  That display of contempt compels the conclusion that only his detention can eliminate the risk that he will once again endanger his community while on conditional release pending trial.

   Indeed, most defendants who appear in this court are dangerous because they deal drugs or commit violent acts.  This defendant is a menace to this community whenever he gets into an automobile, and the suspension of his license does not deter him.  He presents an obvious danger to this community for this reason as well.

   I therefore conclude that there are no conditions I could set that would reasonably assure this defendant's appearance or that he would not commit new crimes if released and that he should be detained pending trial.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: